**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**JAMES ARNOLD BROWN**,

    Plaintiff,

v.
                                                 **Civil Action No. 2:17-CV-2
(BAILEY)**

**DOUGLAS YOST, Detective; BRICE
FISHER, Task Force Officer;** and
**MARK HAYES, Magistrate Judge**,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R"), filed on October 30, 2017 [Doc. 43]. In that filing, the magistrate judge recommended that this Court dismiss the plaintiff's § 1983 Complaint with prejudice. As set forth below, this Court agrees with the magistrate judge and adopts his R&R over plaintiff's objections.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket reflects service was accepted on November 6, 2017 [Doc. 44]. Plaintiff timely filed his objections November 20, 2017 [Doc. 45]. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the plaintiff objects. *See, e.g.*, *Austin v. Cuyler*, 499 F.Supp. 1116, 1116 (E.D. Pa. 1980). The remainder of the R&R will be reviewed for clear error.

I.     **BACKGROUND**

On October 19, 2016, the Three Rivers Drug Task Force was assisting the Fairmont West Virginia Police Department on a search warrant related to a sexual assault at 103 Weatherwax Street, Fairmont, West Virginia [Doc. 1 at 7]. The homeowner of that residence, Charles "Bubba" Echols ("Echols"), was the suspect in the sexual assault case; Echols rented a room in the residence to Plaintiff. After officers knocked, Echols let the officers in and he was cuffed [Doc. 34-2 at 1]. Plaintiff was detained near the back door of the residence and was restrained by a non-defendant officer while the search warrant was executed. The officers discovered $620 in United State currency on Plaintiff's person [Doc. 2 at 1]. Inside Plaintiff's room in a black shopping bag, officers found 110 sealed 2g packs of "Wonderland" synthetic marijuana. Id. Officers also discovered $173 in United States currency in plaintiff's room, along with a loaded 12 gauge Stevens pump shotgun, several empty "Wonderland" synthetic marijuana packs, along with several empty "F'ed Up" brand

synthetic marijuana packs. Plaintiff's roommate/landlord Echols advised the officers that plaintiff was selling synthetic marijuana from the back bedroom in the house, and that many of the individuals who purchased the drug would "trade tools, ammunition and other items" in exchange for it [Doc. 34-2 at 2]. Plaintiff was arrested for possession with intent to deliver and transported to the Fairmont Police Department ("FPD"). He was later taken to Marion County Magistrate Judge Mark Hayes for arraignment. Bond was set at $250,000, which plaintiff was unable to pay. He was subsequently transported to the North Central Regional Jail by defendants Yost and Fisher.

## II. DISCUSSION

Upon a review of the plaintiff's Complaint and Objections, this Court agrees with the magistrate judge that the plaintiff is not entitled to the relief he seeks. In his Objections [Doc. 45], the plaintiff asserts that in his claim against defendant Hayes for official misconduct, the plaintiff was referring to his handling under the defendant's supervision. He states that he expressed to defendant Hayes the alleged mistreatment by defendants Yost and Fisher yet was ignored and reprimanded by Hayes. He thus asserts that had Hayes listened to his concerns, he would not have been released back into Yost and Fisher's custody and may have avoided the hypertension episode. As discussed in the next paragraph, defendant Hayes is entitled to judicial immunity.

Plaintiff objects to the magistrate judge's finding that Hayes is entitled to judicial immunity. He asserts that "most of the underlined cases they refer to a U.S. Magistrate who is trained in law with a law degree as opposed to a county magistrate who is a (sic) elected official . . .." (Id. at 2). Plaintiff misstates the law. In West Virginia, "judges are

-3-

absolutely immune from civil liability for damages for actions taken in the exercise of their judicial duties." *Carey v. Dostert*, 185 W.Va. 247, 251, 406 S.E.2d 678, 682 (1991)(citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)). Importantly, "[j]udicial immunity applies to both superior and inferior courts." *Pritchard v. Crouser*, 175 W.Va. 310, 313, 332 S.E.2d 611, 614 (1985)(holding that judicial immunity applies to a magistrate court judge despite the fact that the magistrate court is not a court of record). Here, the plaintiff's claims are clearly based on actions magistrate Hayes took while exercising his judicial duties; accordingly, he is immune from damages as a result of those actions and the plaintiff's claims against him are hereby **DISMISSED WITH PREJUDICE**.

Plaintiff next objects to the recommendation that *Younger* abstention apply to the claims against defendants Yost and Fisher. *See Younger v. Harris*, 401 U.S. 37 (1971). Simply put, the Complaint should be dismissed pursuant to the federal court abstention doctrine because plaintiff seeks equitable relief from an ongoing state court criminal proceeding.

Next, plaintiff objects to the magistrate judge's findings pertaining to his claim of misconduct by Yost and Fisher. Plaintiff clarifies that his claim of misconduct by Yost "pertain[ed] to solely defendant Yost's treatment of the plaintiff on October 19, 2016 . . . The humiliation of having the windows rolled down exposes the plaintiff to motorist (sic) and his shouts of 'look what we got' his several remarks of racial innuendos and the personal call to the county magistrate before the plaintiff was to be arraigned by this same person." [Doc. 45 at 3]. This was thoroughly discussed in the magistrate judge's R&R.

In the R&R, the magistrate judge explained that excessive force claims by a pretrial

detainee or arrestee are governed by the Due Process Clause of the Fourteenth Amendment. See **Young v. Prince George's County, Maryland**, 355 F.3d 751, 758 (4th Cir. 2004). Therefore, to prevail on an excessive force claim under the Due Process Clause, a plaintiff must show that the officer "inflicted unnecessary and wanton pain and suffering." **Taylor v. McDuffie**, 155 F.3d 479, 483 (4th Cir. 1998)(citing **Whitley v. Albers**, 475 U.S. 312, 320 (1991)).

As was explained in the R&R, "[e]ven viewing these facts in a light most favorable to plaintiff, it is apparent that on October 19, 2016, Yost and Fisher did not inflict any unnecessary or wanton pain and suffering upon plaintiff." [Doc. 43 at 18]. Indeed, the plaintiff does not allege that these defendants applied any force whatsoever. Rather, he claims he was subject to humiliation by alleged racial innuendo and being driven with the window down, being seen under arrest. Accepting these allegations as true, mere verbal harassment simply does not give rise to a constitutional violation. See **Wagner v. Wheeler**, 13 F.3d 86, 92-93 (4th Cir. 1993)(verbal abuse does not amount to a constitutional violation); see also **Eury v. Angelone**, 2001 WL 24042606, at *4 (E.D. Va. June 11, 2001)(alleged derogatory racial remarks, even if true, are not constitutional violations). Further, *de minimis* injury can foreclose a Fourteenth Amendment claim. **Orem**, 523 F.3d at 447. Accordingly, this Court finds the plaintiff has failed to state a claim upon which relief can be granted. This Objection is **OVERRULED**.

Next, plaintiff states that he agrees with the magistrate judge's finding that the Fourteenth Amendment applies to the plaintiff's claim of excessive force, but plaintiff objects to his finding that the hypertension episode can be attributed to the plaintiff's

alleged anger and agitation during processing. This objection is irrelevant. As the R&R points out, the plaintiff alleges no injury at all, "beyond a transient episode of hypertension . . .." [Doc. 43 at 20]. This spike in blood pressure, absent any complications does not rise to a deprivation of a constitutional right. This Objection is **OVERRULED**.

IV. **CONCLUSION**

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 43]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Defendant Mark Hayes' Motion to Dismiss **[Doc. 18]** and Defendant Fisher and Yost's Motion to Dismiss **[Doc. 21]** are **GRANTED**. Further, Plaintiff's Objections **[Doc. 45]** are **OVERRULED**. Accordingly, Plaintiff's Complaint **[Doc. 1]**, is hereby **DISMISSED WITH PREJUDICE**. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of defendants and **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: November 27, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE